PER CURIAM.
K.K. filed her petition for writ of habeas corpus alleging unlawful confinement after the trial court ordered her held in secure detention following the court’s finding that she committed a delinquent act, an offense which would constitute a misdemeanor had she been in adult court. We ordered a response from the state after finding the petition facially sufficient, and after reviewing the response and a supplemental response, granted the petition and ordered her immediate release by unpublished order. We now issue this opinion to explain that decision.
The child had been on release status pending her adjudicatory hearing, and, after the trial court found that the petition alleging a delinquent act had been sustained by the proof presented, she was ordered to secure detention pending a dispositional hearing. These facts mirror those found in S.W. v. Woolsey, 673 So.2d 152 (Fla. 1st DCA 1996), where the court analyzed the application of section 39.044(9), Florida Statutes (1995), and determined that the trial court was without authority to confine the child pending disposition unless newly discovered evidence or changed circumstances reflected in an amended risk assessment instrument mandated confinement.[1] In the case before this court there is no attempt by the state to justify the court’s decision on the basis of new evidence or changed circumstances, and more importantly, no amended risk assessment instrument was prepared. Instead the state relies on a provision in the original risk assessment instrument which has no bearing on post-adjudication confinement.
Section II of the risk assessment instrument, entitled “Admission Criteria,” governs confinement and supervision of children pending an adjudicatory hearing. One of the options for the preparer to check off reads, “A youth delivered with a judicial order requiring detention care must be detained.” This provision no doubt requires that the intake worker detain the child until his or her detention hearing if the child’s apprehension resulted from a judicial order, normally *1065 a pick-up order following a child’s failure to appear for a hearing. This interpretation is supported by case law forbidding, following a detention hearing, the continued confinement of juveniles in custody on pick-up orders who do not otherwise qualify for detention. J.L. v. McCormick, 671 So.2d 202 (Fla. 2d DCA 1996); S.J. v. State, 596 So.2d 1181 (Fla. 5th DCA 1992).
As has regrettably become its custom in recent months, the state has relied on this provision of the form to oppose meritorious petitions for writ of habeas corpus, arguing, in effect, that any order placing a child in detention is immune from further judicial scrutiny because the form, not even a state statute, is written ambiguously enough to lend itself to this absurd interpretation. In effect, the state elevates the provision of the form to suspend the access of our citizenry to the writ of habeas corpus, a daring proposition born more from reflexive advocacy than reasoned legal thinking.
Even more alarming than the state’s reliance on a sentence from a form to legitimize confinement clearly proscribed by statute is the fact that in the case at bar the language “must be detained” had not even been checked during the initial preparation of the form. In its response the attorney general’s office explained its reliance on this “unchecked” provision by a bare assertion to facts outside the record, i.e., that its omission resulted from a “scrivener’s error” which the assistant attorney general had confirmed through communication with an unidentified supervisor at the detention center confining the child. No affidavit of the party responsible for this purported error was provided. Even if we could consider the facts presented in this unauthorized explanation, the presence or absence of a check in that blank would have had no legal impact on the post-adjudication detention of K.K. in any circumstance.
The provisions of section 39.044(9), Florida Statutes (1995), forbid the detention of K.K. pending disposition under the unrefuted facts advanced by the petitioner, and the petition for writ of habeas corpus is accordingly granted.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.

. The First District Court of Appeal in S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996), provides an insightful history of the risk assessment instrument, and outlines its appropriate application by juvenile courts in determining the propriety of detention.